# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| SALIH A. HAKEEM, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, pro se, | ) | **MEMORANDUM OPINION** |
| | ) | **AND RECOMMENDATION** |
| v. | ) | |
| | ) | 1:11CV60 |
| NORTH CAROLINA CENTRAL, | ) | |
| UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (docket no. 5). Plaintiff has failed to respond in opposition to the motion, and the time to do so has expired.[1] In this posture, the matter is ripe for disposition. The parties have not consented to the jurisdiction of the magistrate judge; therefore, the motion must be dealt with by way of recommendation. For the following reasons, it will be recommended that the court grant Defendant's motion to dismiss in part. Specifically, the court should dismiss Plaintiff's Title VII claim, and the court should remand Plaintiff's state law claims to state court.

---

[1] According to Local Rule of Civil Practice 7.3(k), "if a respondent fails to file a response . . . the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." Although Defendant's motion is uncontested, the court will address the merits of Plaintiff's claims.

**I. Background and Alleged Facts**

On December 28, 2010, Plaintiff Salih Hakeem, an African-American Muslim male, filed this pro se action against North Carolina Central University ("NCCU") in Durham County Superior Court. Plaintiff brings claims for employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., breach of contract, breach of a contractual duty of good faith, and unfair and deceptive trade practices pursuant to N.C. GEN. STAT. § 75-1.1 et seq. On January 27, 2011, Defendant removed the case to this court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. Defendant has now filed a motion to dismiss.

Plaintiff alleges the following in his pro se complaint:

On June 27, 2007, Plaintiff was granted a one-year probationary appointment as an Assistant Professor at NCCU's School of Business. This position was considered tenure track, and Plaintiff was permitted to apply to the school's Appointments, Promotion and Tenure (APT) Committee for a further three-year appointment. Plaintiff applied for this three-year appointment, and the APT committee subsequently recommended approval of Plaintiff's request. Before this recommendation was passed onto the Provost for final approval, however, the School of Business Dean, Bijoy Sahoo, reconvened the APT committee with non-senior faculty and held a re-vote, which resulted in a tie. Subsequently, on around November 5, 2007, Dean Sahoo recommended to the Provost that Plaintiff's

reappointment be denied. On around November 15, 2007, the Provost notified Plaintiff of the denial.

On February 14, 2008, Plaintiff appealed this decision to NCCU's Faculty Tenure Committee (FTC) as permitted by University Policy. Although University Policy provides for a timely hearing and review, Plaintiff's appeal was not processed in a timely manner. As a result, in May 2008 Plaintiff was awarded a one-year contract extension while the FTC reviewed the matter. At that time, the Provost promised Plaintiff that the FTC would hear and render final judgment on his appeal before December 31, 2008. Again, this did not occur; and, in August 2009, Plaintiff filed a breach of contract suit in Durham County Superior Court. The state court dismissed the suit based on Plaintiff's failure to exhaust administrative remedies.

Finally, in December 2009, the FTC agreed to hear Plaintiff's case and issued its final recommendation on April 13, 2010. The FTC determined that the unique manner in which Plaintiff's application was reviewed constituted personal malice by Dean Sahoo. As a result, the FTC recommended to the Chancellor, Dr. Charlie Nelms, that Plaintiff be reappointed to a three-year tenure track contract. Although Chancellor Nelms stated that he did not find any evidence of personal malice, he agreed that sufficient deviation from departmental and campus policies warranted reappointment. As such, on June 28, 2010, Chancellor Nelms notified Plaintiff that he was eligible to be appointed to a three-year tenure track Assistant Professor position in the School of Business.

## II. Discussion

### A. Standard of Review

Here, Defendant has filed its motion to dismiss based on lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6). First, with regard to a motion to dismiss pursuant to Rule 12(b)(1), the burden of proving subject matter jurisdiction on a motion to dismiss is on the plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). In determining whether jurisdiction exists, the district court must regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. *Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. *Id.* A court should grant the Rule 12(b)(1) motion to dismiss if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. *Id.*

Next, in ruling on a motion to dismiss for failure to state a claim, it must be recalled that the purpose of a 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits of the action. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991); *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 887 F. Supp. 811, 813 (M.D.N.C. 1995). At this stage of the litigation, a plaintiff's well-pleaded

allegations are taken as true; and the complaint, including all reasonable inferences therefrom, are liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996).

The duty of fair notice under Rule 8(a), however, requires the plaintiff to allege, at a minimum, the necessary facts and grounds that will support his right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As the Supreme Court has instructed, although detailed facts are not required, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citation omitted). *See also Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (clarifying *Twombly*).

**B. Analysis**

In support of its motion to dismiss, Defendant first contends that Plaintiff has failed to exhaust his administrative remedies; thus, this court lacks subject matter jurisdiction over Plaintiff's Title VII claim. For the following reasons, I agree.

Title VII "specifies with precision the jurisdictional prerequisites that an individual must satisfy before he is entitled to institute a lawsuit." *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974). These include "(1) filing a Charge of Discrimination with the EEOC within 180 days of the occurrence of the alleged discrimination; (2) receiving a statutory Notice of Right to Sue; and (3) filing a lawsuit based on the Charge of Discrimination within 90 days of receiving the notice." *Rorie*

*v. Guilford Cnty. Sch.,* No. 1:06-CV-528, 2007 WL 1385655, at *2 (M.D.N.C. May 8, 2007); see 42 U.S.C. § 2000e-5(e)(1), (f)(1).

The Fourth Circuit has "long held that receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint." *Davis v. N.C. Dep't of Corr.*, 48 F.3d 134, 140 (4th Cir. 1995). "Thus, where '[n]either the complaint nor the amended complaint alleges' that the plaintiff has 'complied with these prerequisites,' the plaintiff has not 'properly invoked the court's jurisdiction under Title VII.'" *Id.* at 140 (alteration in original) (quoting *United Black Firefighters of Norfolk v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979)).

Here, Plaintiff does not mention his EEOC Charge of Discrimination in his complaint, nor has he alleged that he has received a right-to-sue letter from EEOC, or that he has filed suit within 90 days of receiving a right-to-sue letter. Defendant has pointed out to the court, however, that Plaintiff did file an EEOC charge on May 5, 2009, and the EEOC Charge is attached as an Exhibit to Defendant's brief in support of its motion to dismiss. Plaintiff asserts in his EEOC Charge:

> I. On December 31, 2008, I was denied a hearing on my appeal of the November 2007 denial of my application for tenure in the assistant professor position by the dean of the school of business, Dr. Bijoy Sahoo, Asian-Indian, male, non-Muslim. I have been employed by the above named employer since 1989; in a tenure track assistant professor position since August 2006.
>
> II. The Chancellor, Dr. Charlie Nelms, Black, male, non-Muslim, did not give me any reasons for denying my request for a hearing on the decision to deny my reappointment to a tenured track position. By denying my request for a hearing, I believe that Dr. Charlie Nelms,

failed to exercise his oversight responsibility regarding the appeal process and he condoned the discriminatory actions of Dr. Bijoy Sahoo. Unlike me, two non-Muslim, female co-workers, including Ms. Kendra Harris, Black, and Ms. Judy Land, Caucasian, whose applications for tenured track renewals were not rejected, were granted employment renewal contracts despite the fact that both have lesser qualifications and research than myself.

III. I believe that I was discriminated against in violation of Title VII of the Civil Rights Act of 1964, as Amended, because of my race, Black, my sex, male, and my religion, Muslim.

(*See* Def.'s Br. Supp. Mot. Dismiss, Ex. A.)

The court should dismiss Plaintiff's Title VII claim for two reasons. First, Plaintiff has neither alleged that he received a right-to-sue letter, nor has he alleged that he filed this lawsuit suit within 90 days of receiving a right-to-sue letter. Furthermore, Plaintiff filed the EEOC Charge more than 180 days after the alleged discriminatory conduct in this case; therefore, Plaintiff has failed to exhaust administrative remedies under Title VII.[2] Plaintiff's Title VII claim is based on the alleged discriminatory conduct of Dean Sahoo. All of Plaintiff's allegations concerning Dean Sahoo, however, relate to conduct occurring on or before November 5, 2007, when Dean Sahoo recommended to the Provost that Plaintiff's reappointment be denied. For this court to have jurisdiction over Plaintiff's Title VII claim, he must have filed an EEOC Charge within 180 days of November 5, 2007.

---

[2] The 180-day filing requirement is not jurisdictional but is, rather, in the nature of a statute of limitations that may be waived or tolled. *Shepard v. Lowe's Food Stores, Inc.*, No. 1:08cv679, 2009 WL 4738203, at *3 (M.D.N.C. Dec. 7, 2009). Plaintiff has offered no grounds for this court to toll or waive the 180-day filing requirement.

Plaintiff did not file the EEOC Charge until May 5, 2009, which was more than 180 days after November 5, 2007.[3] The Fourth Circuit has made clear, in instances such as this, where a Plaintiff has not complied with Title VII's exhaustion requirements, "the only function remaining to the court . . . [i]s that of announcing [that the court lacks subject matter jurisdiction] and dismissing the cause[]." *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 301 (4th Cir. 2009) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). Accordingly, the undersigned recommends that Plaintiff's Title VII claim be dismissed.[4]

As noted, Defendant removed this case from state court. Defendant's ground for removal was based on the contention that Plaintiff's claims arose under federal

---

[3] Although North Carolina is a so-called "deferral" state in certain circumstances, meaning that the limitations period is extended to 300 days, the 180-day period applies in this case. In any event, Plaintiff would also fail to meet a 300-day deadline.

[4] Having found that the court lacks subject matter jurisdiction over the Title VII claim for failure to exhaust administrative remedies, this court may not address the merits of Plaintiff's Title VII claim. *See Jones*, 551 F.3d at 301. In any event, the undersigned is hard-pressed to determine what "adverse employment action" occurred giving rise to Plaintiff's purported Title VII claim. It is well established that the existence of *some* adverse employment action is required to state a claim for discrimination under Title VII. *James v. Booz-Allen & Hamilton, Inc.,* 368 F.3d 371, 375-76 (4th Cir. 2004). "An adverse employment action is a discriminatory act which adversely affects the terms, conditions, or benefits of the plaintiff's employment." *Id.* Here, Plaintiff alleges in his complaint that on around June 28, 2010, Defendant informed Plaintiff that he was being reappointed to the first of two allowable, three-year contracts as a tenure-track assistant professor in the School of Business. (Compl. ¶ 23.) Thus, by Plaintiff's own allegations, Defendant ultimately accepted Plaintiff's application to be placed on the three-year tenure track, and Plaintiff has not been subject to an "adverse employment action" within the meaning of Title VII.

law–specifically Title VII, pursuant to 28 U.S.C. § 1331.[5]  Because the undersigned is recommending dismissal of the Title VII claim, and because the remaining claims are solely state law claims, the court should decline to exercise supplemental jurisdiction over the state law claims and remand the state law claims to state court. *See* 28 U.S.C. § 1367(c)(3) (noting that the district courts may decline to exercise supplemental jurisdiction over a claim "if the district court has dismissed all claims over which it has original jurisdiction"); *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 617 (4th Cir. 2001) (holding that a district court's power to remand pendent state law claims is inherent in the statutory authorization to decline supplemental jurisdiction under Section 1367(c)); *Boone v. Duke Energy Carolinas, LLC*, No. 3:09-cv-122-RJC-DSC, 2009 WL 3839342, at *2 (W.D.N.C. Nov. 12, 2009) (where the Title VII claim was dismissed based on failure to exhaust administrative remedies, remanding the remaining state law claims to state court).

---

[5] Diversity of citizenship pursuant to 28 U.S.C. § 1332 is lacking.

**CONCLUSION**

For the reasons stated herein, the court should dismiss Plaintiff's Title VII claim. To this extent, Defendant's motion to dismiss (docket no. 5) should be **GRANTED** in part. **IT IS FURTHER RECOMMENDED** that the court decline to exercise supplemental jurisdiction over Plaintiff's state law claims and remand those claims to Durham County Superior Court.

_____
WALLACE W. DIXON
United States Magistrate Judge

April 7, 2011